**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Carmela Bernardino, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   16-4955 |
| Dynamic Recovery Solutions, LLC, a South Carolina limited liability company, and Cascade Capital, LLC, a Delaware limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Carmela Bernardino, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

**PARTIES**

3.   Plaintiff, Carmela Bernardino ("Bernardino"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt, which she allegedly owed for to MacNeal Hospital.

4.   Defendant, Dynamic Recovery Solutions, LLC ("Dynamic"), is a South Carolina limited liability company, that acts as a debt collector, as defined by § 1692a of

the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Dynamic operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Dynamic was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Cascade Capital, LLC ("Cascade"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant Cascade operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Cascade was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Cascade is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies such as Dynamic.

## FACTUAL ALLEGATIONS

7. In 2008 Ms. Bernardino fell behind in paying her debts, including one she allegedly owed to MacNeal Hospital. At some point after that debt became delinquent, it was allegedly purchased/obtained by Cascade, which began trying to collect upon it by having Defendant Dynamic send Ms. Bernardino a collection letter, dated February 3, 2016, that demanded payment of this debt. A copy of this letter is attached as Exhibit

A.

8. The statute of limitations in the State of Illinois for collecting the delinquent debt at issue was, pursuant to Illinois Code § 735 ILCS 5/13-205, is five years from the date of the last activity. Ms. Bernardino has made no payment on this account since 2008.

9. Nonetheless, Defendants' collection letter fails to warn Ms. Bernardino that the debt is time-barred. Instead, the letter makes several settlement offers and then claims that, upon completion of one of these offers, Ms. Bernardino would be issued a "satisfaction letter".

10. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA – False, Deceptive Or Misleading Collection Actions

12. Plaintiff adopts and realleges ¶¶ 1-12.

13. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as threatening to take any action that cannot legally be taken, see, 15 U.S.C. § 1692e(5).

14. Attempts by debt collectors to collect time-barred debts violate § 1692e of

3

the FDCPA, see, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); and, McMahon v. LVNV Funding, 744 F.3d 1010, 1020-1021 (7th Cir. 2014).

15. By sending the collection letter (Exhibit A) for a debt that was time-barred, Defendants violated § 1692e of the FDCPA.

16. Defendants' violation of § 1692e of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA -- Unfair Or Unconscionable Collection Actions

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

19. Defendants, by attempting to collect a time-barred debt, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

20. Defendants' violation of § 1692f of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Carmela Bernardino, prays that this Court:

1. Find that Defendants' form collection letter violates the FDCPA;

2. Enter judgment in favor of Plaintiff Bernardino, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a)

of the FDCPA; and,

    3.    Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Carmela Bernardino, demands trial by jury.

        Carmela Bernardino,

        By: /s/ David J. Philipps_____
        One of Plaintiff's Attorneys

Dated: May 4, 2016

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com